ALICE L. REID v. VILLAGE OF AITKIN.[1]

December 12, 1930.

No. 28,175.

L. T. Mahany and John T. Galarneault, for appellant.
D. B. McAlpine, for respondent.

HILTON, J.

In this, a personal injury action, defendant appeals from a judgment against it in the sum of $983.47.

Plaintiff, aged 63 years, while waiting for a transfer of buses in the village of Aitkin on March 11, 1929, walked along a public cement sidewalk on the south side of Second street northwest. It and its intersecting street, First avenue northwest, were in the business section of the village and were extensively used by the public. Plaintiff was not especially familiar with the location, not having passed over it for two or three years.

On the day in question the roads and streets were in a "mussy and muddy" condition. Plaintiff, wearing high, waterproof overshoes and dressed in a suitable manner for the weather and street conditions, approached that intersection at a place on the sidewalk where water had accumulated. This water was from two to four inches deep and muddy so that nothing below its surface was dis-

[1]Reported in 233 N. W. 826.

cernible. She carefully walked about two-thirds of the way through the water and stepped into an uncovered and undisclosed open catch basin hole in the sidewalk. This hole was 20 inches in diameter at the top, wider at the bottom, and five feet deep. It, with ice at the bottom, was filled to overflowing with the muddy water, which was the same depth above it as above the surrounding sidewalk. She suffered a dislocation of the right shoulder and other injuries.

The catch basin at its bottom was connected with a sewer in the street intersection, but on account of ice had become stopped up so that water could not escape from the catch basin. The street commissioner had removed the iron cover of the catch basin about 45 minutes before the accident. He had theretofore unsuccessfully tried to thaw out the ice in the catch basin by the use of a steam boiler owned by the village. He had then gone into the manhole, 13 feet deep, in the intersection and was attempting to thaw out the ice therein so that the water in the catch basin would drain into the sewer. While thus engaged the accident occurred.

Plaintiff might have avoided the water on the sidewalk either by going through the driveway of a gasolene filling station or she might have crossed a railroad track. There was some evidence that the street commissioner had placed a gasolene sign with a large base over the catch basin hole. Plaintiff testified that there was none there. Whether one was so placed or remained were questions of fact for the jury.

A witness for defendant testified that at a distance of 10 or 15 feet he spoke to plaintiff and told her that she had better walk through the driveway of the filling station because the water on the sidewalk was quite deep. He stated however that "she probably didn't hear me." Plaintiff testified that she did not hear him. He does not claim that he told her of any danger, hidden or otherwise. There was no reason for her to anticipate either. If she did not see any sign or hear any warning, she was not under the circumstances chargeable with negligence in proceeding as she did.

Defendant's assignments of error are: (1) That the verdict is not supported by the evidence; (2) that respondent failed to estab-

lish any actionable negligence on the part of appellant; (3) that she was guilty of contributory negligence which was the proximate cause of the accident.

This was essentially a fact case for the determination of the jury. Its conclusions are amply supported by the evidence and must stand. 1 Dunnell, Minn. Dig. (2 ed.) § 415. The facts in this case clearly distinguish it from the cases cited by defendant.

Judgment affirmed.